NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4692

STEVEN McLAURIN,
                Appellant

v.

DAVID LARKINS

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 99-cv-00177E
(Honorable Sean J. McLaughlin)

Argued September 11, 2006

Before: SCIRICA, *Chief Judge*, SLOVITER and BARRY, *Circuit Judges*

(Filed October 10, 2006)

FRANK ARCURI, ESQUIRE (ARGUED)
715 Millcraft Center
90 West Chestnut Street
Washington, Pennsylvania 15301
    Attorney for Appellant

FRANCIS R. FILIPI, ESQUIRE (ARGUED)
Office of Attorney General of Pennsylvania
Strawberry Square, 15th Floor
Harrisburg, Pennsylvania 17120
    Attorney for Appellee

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Appellant Steven McLaurin claims the Pennsylvania Board of Probation and Parole violated the constitutional prohibition on ex post facto laws when it denied him parole at a 1998 hearing. The District Court denied his petition for a writ of Habeas Corpus under 28 U.S.C. § 2254 and McLaurin now seeks remand with instructions that the petition be granted. We will dismiss McLaurin's appeal as moot.

1.

McLaurin was convicted in state court on robbery and conspiracy charges in June 1980, and was sentenced to 12½ to 25 years in June 1980. The Pennsylvania Board of Probation and Parole reviewed McLaurin for parole three times between 1996 and 1998 and denied him parole each time.

Following the 1998 parole denial, McLaurin filed a petition for a writ of Habeas Corpus in federal court, contending the Board violated the ex post facto clause of the Constitution by using the wrong criteria in reviewing him for parole. His petition referenced only the 1998 parole denial. The Board, he contends, used an amended set of parole standards implemented in 1996, rather than the standards in place at the time of his sentencing. These new standards include (1) a shift in general focus from rehabilitation to punishment and public safety, (2) a change in his eligibility based on the way the new

standards classified his offense, and (3) an increase in the number of votes needed to receive parole.

The District Court dismissed McLaurin's petition, but we vacated and remanded for reconsideration under *Mickens-Thomas v. Vaughn*, 321 F.3d 374 (3d Cir. 2003). The District Court again denied the petition in 2004. The Board considered McLaurin for parole six more times between 1999 and 2005. McLaurin was granted parole in April 2005 and was released in May 2005. McLaurin does not contest the standards used by the parole board at any of these reviews. The Board apparently relied on pre-1996 standards in these hearings, but in any event, as noted, he was granted parole in April 2005.

In November 2005 McLaurin was reincarcerated after violating his parole, and the Board revoked his parole citing multiple technical parole violations.

2.

"[T]he exercise of judicial power depends upon the existence of a case or controversy." *Chong v. District Director, I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Even if McLaurin is correct that the Board improperly relied on the amended 1996 standards in the 1998 parole denial, his asserted injury — denial of parole — was

remedied when he was paroled in 2005. Without an injury, McLaurin presents no case or controversy. His claim is moot.

McLaurin suggests that his injury is capable of repetition because there is nothing to stop the Board from again using the new parole criteria at future parole reviews. The "capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). McLaurin's assertion of this hypothetical future injury is too speculative to qualify for the exception to the mootness doctrine. It is possible the Board might deny him parole in the future based on the newer parole standards, but McLaurin has not shown this is at all likely. McLaurin does not contest the standards used by the Board at any of his other parole reviews. Also, the record suggests that the post-1998 hearings adhered to the pre-1996 parole standards.

Should McLaurin be denied parole in the future under circumstances he believes violate the ex post facto clause, he could seek relief, if proper.

3.

For the foregoing reasons, we will dismiss McLaurin's appeal as moot.